UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

# CIVIL RIGHTS COMPLAINT FORM
## TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

THIRD AMENDED COMPLAINT

MARK ANDREW GUCKEL,

Inmate # 125707
(Enter full name of Plaintiff)

vs.

CASE NO: 5-10-CV-79-RH/GRJ
(To be assigned by Clerk)

THE GEO GROUP, INC.,

MAGISTRATE JUDGE GARY JONES

JURY TRIAL DEMANDED

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

Filed1220'10USDCFlnlaM1126

I.  **PLAINTIFF:**

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: MARK ANDREW GUCKEL
Inmate Number: 125707
Prison or Jail: JEFFERSON C.I.
Mailing address: 1050 BIG JOE ROAD
MONTICELLO, FL
32344-5188

II.  **DEFENDANT(S):**

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for **every** Defendant:

(1) Defendant's name: THE GEO GROUP, INC.
~~Official position:~~ 1 PARK PLACE, SUITE 700
~~Employed at:~~ 621 NW 53rd STREET
Mailing address: BOCA RATON, FL
33487

(2) Defendant's name: ___
Official position: ___
Employed at: ___
Mailing address: ___

(3) Defendant's name: ___
Official position: ___
Employed at: ___
Mailing address: ___

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

III.   **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

IV.   **PREVIOUS LAWSUITS**

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

   A.   Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
   Yes( )             No(✗)

   1.   Parties to previous action:
        (a)   Plaintiff(s): _____
        (b)   Defendant(s): _____
   2.   Name of judge: _____   Case #: _____
   3.   County and judicial circuit: _____
   4.   Approximate filing date: _____
   5.   If not still pending, date of dismissal: _____
   6.   Reason for dismissal: _____
   7.   Facts and claims of case: _____

   **(Attach additional pages as necessary to list state court cases.)**

   B.   Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?
   Yes( )             No(✗)

   1.   Parties to previous action:
        a.   Plaintiff(s): _____
        b.   Defendant(s): _____
   2.   District and judicial division: _____
   3.   Name of judge: _____   Case #: _____
   4.   Approximate filing date: _____
   5.   If not still pending, date of dismissal: _____
   6.   Reason for dismissal: _____

    7.    Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C.    Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

    Yes( )        No(☒)

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

    1.    Parties to previous action:
        a.    Plaintiff(s): _____
        b.    Defendant(s): _____
    2.    District and judicial division: _____
    3.    Name of judge: _____    Case #: _____
    4.    Approximate filing date: _____
    5.    If not still pending, date of dismissal: _____
    6.    Reason for dismissal: _____
    7.    Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

D.    Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

    Yes( )        No(☒)

    1.    Parties to previous action:
        a.    Plaintiff(s): _____
        b.    Defendant(s): _____
    2.    District and judicial division: _____
    3.    Name of judge: _____    Case Docket # _____
    4.    Approximate filing date: _____    Dismissal date: _____
    5.    Reason for dismissal: _____

6. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

1. THE GRACEVILLE CORRECTIONAL FACILITY IS MANAGED, MAINTAINED AND CONTROLLED BY DEFENDANT THE GEO GROUP, INC., AN INDEPENDENT CONTRACTOR RETAINED BY THE DEPARTMENT OF MANAGEMENT SERVICES ON BEHALF OF THE STATE OF FLORIDA TO HOUSE SENTENCED INMATES.

2. IN OCTOBER, 2007, THE FLORIDA DEPARTMENT OF CORRECTIONS TRANSFERRED PLAINTIFF MARK ANDREW GUCKEL INTO DEFENDANT'S CUSTODY AND CARE AT GRACEVILLE C.F., GRACEVILLE, JACKSON COUNTY, FLORIDA, TO SERVE A SHORT SENTENCE FOR RELATIVELY MINOR OFFENSES.

3. ON OR ABOUT APRIL 25th, 2008, AT APPROXIMATELY 2:45PM, PLAINTIFF WAS ASSAULTED IN HIS OWN CELL BY FIVE INMATES.

4. THE FIVE INMATES THAT ASSAULTED MARK ANDREW GUCKEL WERE KNOWN BY DEFENDANT AS HAZARDS TO INSTITUTIONAL SECURITY AS THEY WERE CONFIRMED, ACTIVE GANG MEMBERS, CLASSIFIED AS HIGH-RISK "CLOSE" CUSTODY, EACH HAVING HAD AN EXTENSIVE HISTORY OF DISCIPLINARY INFRACTIONS.

5. EACH OF THESE FIVE INMATES WERE ALLOWED TO PASS THROUGH NO LESS THAN TWO LOCKED DOORS BY LINDA POWELL, AN AGENT/OFFICER ACTING AT ALL TIMES IN THE COURSE AND SCOPE OF EMPLOYMENT FOR DEFENDANT, DESPITE THE FACT

THAT AGENT/OFFICER KNEW THAT THEY DID NOT LIVE IN PLAINTIFF'S HOUSING UNIT.

(6) AGENT/OFFICERS THAT OPERATED THE CONTROL ROOM ON ALL SHIFTS ROUTINELY FOLLOWED THE CUSTOM AND/OR POLICY OF ALLOWING INMATES TO PASS INTO "OUT OF BOUNDS" AREAS.

(7) AGENT/OFFICERS ALLOWED INMATES TO PASS INTO "OUT OF BOUNDS" AREAS WILLFULLY, IN MANY CASES, BY MANUALLY OVERRIDING SYSTEM SOFTWARE SECURITY FEATURES, OPENING MULTIPLE DOORS SIMULTANEOUSLY.

(8) DEFENDANT, ITS AGENT/OFFICERS, AND EMPLOYEES KNEW OR REASONABLY SHOULD HAVE KNOWN THAT ALLOWING INMATES TO PASS INTO "OUT OF BOUNDS" AREAS INCREASED PROHIBITED ACTS SUCH AS THEFT, TATOOING, HOMOSEXUAL LIAISONS, GANG ACTIVITY, AND VIOLENCE.

(9) PRIOR TO THE ASSAULT TAKING PLACE, MARK ANDREW GUCKEL BROKE FREE OF HIS ATTACKERS, FLEEING FROM HIS CELL INTO A COMMON AREA OF THE HOUSING UNIT, WHERE WESLEY ROLAND, AN AGENT/OFFICER ACTING AT ALL TIMES IN THE COURSE AND SCOPE OF HIS EMPLOYMENT FOR DEFENDANT WAS CARRYING AN INMATE'S PROPERTY.

(10) PLAINTIFF CALLED FOR HELP BY REPEATEDLY YELLING AGENT/OFFICER'S LAST NAME WHILE WAVING HIS ARMS, HIS ATTACKERS STILL PURSUING HIM.

(11) DESPITE THE FACT THAT MARK ANDREW GUCKEL GOT AGENT/OFFICER'S ATTENTION AND WAS CLEARLY FACING IMMINENT DANGER, AGENT/OFFICER DID NOT ASSIST PLAINTIFF, INDICATING THAT HE WAS "BUSY," THEN LEAVING THE HOUSING UNIT.

(12) MARK ANDREW GUCKEL'S EFFORTS TO OBTAIN HELP WERE ALSO IN A DIRECT LINE OF SIGHT OF LINDA POWELL, AN AGENT/OFFICER OPERATING THE CONTROL ROOM, AND WERE

CAPTURED BY CCTV CAMERAS IN PLAINTIFF'S HOUSING UNIT.

(13) WITHOUT ASSISTANCE, MARK ANDREW GUCKEL WAS SUBSEQUENTLY DRAGGED BACK INTO HIS CELL BY HIS ATTACKERS, AND WAS SO SEVERELY BEATEN THAT HE HAD TO BE RUSHED TO A LOCAL HOSPITAL WITH SERIOUS, LIFE-THREATENING INJURIES.

(14) FLORIDA DEPARTMENT OF LAW ENFORCEMENT RECORDS REFLECT THAT BOTH AGENT/OFFICERS INVOLVED IN THIS INCIDENT HAD NO PRIOR EXPERIENCE WORKING IN A CORRECTIONAL ENVIRONMENT, AND ONLY HAD BEEN EMPLOYED BY DEFENDANT FOR A RELATIVELY SHORT PERIOD OF TIME.

(15) DEFENDANT HELD A CUSTOM AND/OR POLICY OF ALLOWING INEXPERIENCED, INADEQUATELY TRAINED AGENT/OFFICERS TO WORK ENTIRELY UNSUPERVISED.

(16) AS WAS THE CASE IN THIS CLAIM, DEFENDANT ROUTINELY PLACED ITS "OFFICERS OF RANK" ON THE RECREATION YARD DURING THE DAY SHIFT LEAVING INEXPERIENCED, INADEQUATELY TRAINED OFFICERS TO WORK WITHOUT ANY DIRECT SUPERVISION WHATSOEVER.

(17) PLAINTIFF WAS PLACED IN ADMINISTRATIVE CONFINEMENT LOCKDOWN CELLS, PENDING INVESTIGATION OF THE INCIDENT BY THE DEPARTMENT OF CORRECTIONS INSPECTOR GENERAL.

(18) ON OR ABOUT MAY 19, 2008, DEFENDANT GRANTED ONE OF MARK ANDREW GUCKEL'S ASSAILANTS SPECIAL STATUS AS A "RUN AROUND" OR "TRUSTY," THEREBY ALLOWING ASSAILANT DIRECT ACCESS TO PLAINTIFF.

(19) THOUGH NO CONTACT WITH MARK ANDREW GUCKEL WAS

TO BE PERMITTED, DEFENDANT WILLFULLY OR MALICIOUSLY OVERLOOKED THE PROTECTIVE MANAGEMENT, SPECIAL REVIEW ORDERS IN PLACE.

20) BY DOING SO, DEFENDANT ALLOWED ASSAILANT TO THREATEN AND TAUNT MARK ANDREW OUCKEL FACE-TO-FACE.

21) IMMEDIATELY FOLLOWING THE ASSAULT, MARK ANDREW OUCKEL WAS TRANSPORTED BY EMERGENCY MEDICAL SERVICE AMBULANCE TO JACKSON HOSPITAL IN MARIANNA, FL.

22) PLAINTIFF'S INJURIES WERE DEEMED SO SEVERE THAT A JACKSON HOSPITAL PHYSICIAN ORDERED MARK ANDREW OUCKEL TRANSFERRED TO A TRAUMA CENTER AT TALLAHASSEE MEMORIAL HOSPITAL TO BE TREATED BY SPECIALISTS.

23) AFTER UNDERGOING TESTING AND TREATMENT, PLAINTIFF WAS RETURNED TO THE GRACEVILLE C.F. INFIRMARY.

24) ALTHOUGH MARK ANDREW OUCKEL'S CONDITION WAS CONSIDERED SERIOUS AND GUARDED, DEFENDANT MADE LITTLE OR NO ATTEMPT TO OBTAIN HOSPITAL RECORDS TO ASCERTAIN DIAGNOSIS AND REQUIRED TREATMENT OF PLAINTIFF'S INJURIES.

25) PLAINTIFF WAS SEEN AFTER FIVE DAYS BY A REGISTERED NURSE PRACTITIONER, NOT EVEN FACE-TO-FACE, BUT THROUGH A SMALL PLEXIGLASS WINDOW IN A SECURITY DOOR (IT SHOULD BE NOTED THAT THIS PURPORTED "EXAMINATION" WAS NOT DONE TO AFFECT DIAGNOSIS OR TREATMENT, BUT TO "MEDICALLY CLEAR" MARK ANDREW OUCKEL TO BE PLACED IN CONFINEMENT LOCKDOWN CELLS.

(26) DEFENDANT HELD A CUSTOM AND/OR POLICY OF ONLY CHECKING ON THE MEDICAL CONDITION OF INMATES IN CONFINEMENT ONCE DAILY, INVARIABLY EARLY IN THE MORNING, WHILE PLAINTIFF WAS ASLEEP AND UNABLE TO COMMUNICATE HIS EXCRUCIATING PAIN.

(27) DEFENDANT FURTHER HINDERED ACCESS TO MEDICAL CARE BY NOT COLLECTING SICK CALL REQUEST FORMS OR BY DISREGARDING THEM ENTIRELY, PROVIDING NO FOLLOW UP CARE FOR PLAINTIFF'S SERIOUS INJURIES.

(28) MARK ANDREW GUCKEL WAS ONLY SEEN ONCE BY DEFENDANT'S PHYSICIAN, THIRTEEN DAYS AFTER THE ASSAULT, BUT ONLY AFTER PLAINTIFF FILED AN EMERGENCY GRIEVANCE ABOUT HIS DETERIORATING HEALTH.

(29) DEFENDANT FAILED TO PROVIDE PLAINTIFF'S MEDICATIONS AS ORDERED BY ITS OWN MEDICAL STAFF.

(30) THE GEO GROUP, INC. FAILED TO RENDER MARK ANDREW GUCKEL ADEQUATE, NECESSARY, OR TIMELY MEDICAL CARE, DESPITE DEFENDANT'S FIRST-HAND KNOWLEDGE OF PLAINTIFF'S EXTENSIVE INJURIES AND SERIOUS CONDITION.

I CERTIFY THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE. EXECUTED ON THIS 19TH DAY OF NOVEMBER 2010.

RESPECTFULLY SUBMITTED,

*[signature]*

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

(1) THE GEO GROUP, INC. HAS VIOLATED MARK ANDREW OUCKEL'S CIVIL AND CONSTITUTIONAL RIGHTS PROVIDED IN THE U.S. CONSTITUTION UNDER THE EIGHTH AMENDMENT; (2) EACH AND EVERY ACT AND/OR OMISSION BY DEFENDANT WAS PERFORMED BY VIRTUE OF AND UNDER ITS AUTHORITY AS AN INDEPENDENT CONTRACTOR RETAINED BY THE DEPARTMENT OF MANAGEMENT SERVICES, UNDER THE COLOR AND PRETENSE OF THE STATUTES, ORDINANCES, REGULATIONS, CUSTOMS AND USAGES OF THE UNITED STATES OF AMERICA AND/OR THE STATE OF FLORIDA;

## VII. RELIEF REQUESTED: JURY TRIAL DEMAND PURSUANT TO FED R. CIV. P. RULE 38

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

(1) COMPENSATORY AND ACTUAL DAMAGES AGAINST DEFENDANT IN AN AMOUNT TO BE DETERMINED BY JURY; (2) PUNITIVE AND EXEMPLARY DAMAGES AGAINST DEFENDANT IN AN AMOUNT TO BE DETERMINED BY JURY; (3) REASONABLE ATTORNEY'S FEES, COSTS, EXPENSES AND PREJUDGMENT INTEREST PURSUANT TO 42 USC 1988; AND (4) SUCH OTHER DAMAGES AND GENERAL RELIEF TO WHICH PLAINTIFF MAY BE ENTITLED.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

12/19/10
(Date)

_____ (Signature of Plaintiff)

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☒ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on:
the 15TH day of DECEMBER , 20 10 .

_____ (Signature of Plaintiff)

Revised 03/07

(3) THE WRONGFUL ACTS AND/OR OMISSIONS OF DEFENDANT CONSTITUTES RECKLESS DISREGARD AND DELIBERATE INDIFFERENCE TO PLAINTIFF'S SAFETY, AND POSED A SUBSTANTIAL RISK OF SERIOUS HARM IN VIOLATION OF MARK ANDREW GUCKEL'S RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT OF THE U.S. CONSTITUTION.

(4) DEFENDANT THE GEO GROUP, INC. ACTED WILLFULLY, DELIBERATELY, MALICIOUSLY OR WITH RECKLESS DISREGARD TO PLAINTIFF'S SAFETY, HEALTH AND OVERALL WELL-BEING IN VIOLATION OF 42 USC 1983.

(5) DEFENDANT'S WRONGFUL ACTS AND/OR OMISSIONS AND ITS FAILURE TO TRAIN AND OR SUPERVISE ITS EMPLOYEES AND AGENT/OFFICERS CONSTITUTES RECKLESS DISREGARD AND CONSCIOUS INDIFFERENCE TO PLAINTIFF'S SAFETY AND WAS A CAUSE OF VIOLATIONS TO PLAINTIFF'S RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT AND TO BE FREE FROM VICTIMIZATION BY VIOLENT, DANGEROUS INMATES PURSUANT TO THE EIGHTH AMENDMENT OF THE U.S. CONSTITUTION.

(6) DEFENDANT'S WRONGFUL ACTS AND/OR OMISSIONS AND IT'S FAILURE TO PROVIDE ADEQUATE, NECESSARY OR TIMELY MEDICAL CARE CONSTITUTES DELIBERATE INDIFFERENCE TO PLAINTIFF'S OVERALL WELLBEING AND HEALTH, AND WAS A CAUSE OF VIOLATIONS TO PLAINTIFF'S RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT PURSUANT TO THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION.

(7) THE AFOREMENTIONED DEPRIVATIONS OF PLAINTIFF'S CONSTITUTIONAL AND STATUTORY RIGHTS ARE A DIRECT AND PROXIMATE RESULT OF THE ACTS, OMISSIONS, POLICIES AND CUSTOMS OF DEFENDANT THE GEO GROUP, INC.

(8) DEFENDANT KNEW OR SHOULD HAVE KNOWN THAT ITS POLICIES, CUSTOMS AND CONDUCT WOULD LEAD TO VIOLATIONS OF CLEARLY ESTABLISHED CONSTITUTIONAL AND STATUTORY RIGHTS THAT WOULD HAVE BEEN APPARENT TO REASONABLE PERSONS.

7A

(9) The aforementioned wrongful acts and/or omissions made on behalf of Defendant that resulted in said deprivations of Plaintiff's constitutional and statutory rights are the direct result of Defendant's acts and/or omissions.

(10) As a direct and proximate result of the aforementioned wrongful acts and/or omissions by Defendant The GEO Group, Inc., Plaintiff has suffered and continues to suffer from permanent physical injury, great physical pain, psychological trauma, as well as mental pain and anguish, for all of which Defendant is liable.

## SUPPLEMENTAL JURISDICTION NEGLIGENCE CLAIM

(11) The GEO Group, Inc., its agent/officers and employees, who were at all times acting in the course and scope of their employment, were guilty of negligence towards Plaintiff, which was a proximate or producing cause of Mark Andrew Ouckel's injuries and damages.

(12) Defendant had a duty not to place Plaintiff at an unreasonable risk of harm.

(13) Defendant also had a duty to protect persons in its custody from violence and victimization at the hands of others.

(14) Viewing the totality of the circumstances, Mark Andrew Ouckel was incarcerated under conditions that posed a substantial risk of serious harm and Defendant acted with conscious indifference and reckless disregard to that harm.

(15) Defendant's conscious indifference and reckless disregard to the safety and reasonable well-being of Plaintiff is against, statutory, Florida Administrative Code, and

COMMON LAW POLICIES IN ALLOWING VIOLENT, AGGRESSIVE FELONS AND GANG MEMBERS, KNOWN AS DISCIPLINARY AND SECURITY HAZARDS TO ROAM IN GENERAL POPULATION WITH PERSONS INCARCERATED FOR RELATIVELY MINOR OFFENSES.

(16) AS SUCH, DUE TO COMMON LAW AND STATUTORY NEGLIGENCE COMMITTED BY DEFENDANT, ITS OWNERS AND EMPLOYEES, AS WELL AS STATUTORY LIABILITY FOR TORTS CONFERRED BY FLORIDA STATUTE 957.05, MARK ANDREW GUCKEL WAS SUBJECTED TO AN UNREASONABLE RISK OF HARM, AND SUCH NEGLIGENCE WAS A PROXIMATE OR PRODUCING CAUSE OF PLAINTIFF'S INJURIES AND DAMAGES, ALL FOR WHICH DEFENDANT IS LIABLE.

JURY TRIAL REQUESTED ON ALL AVERMENTS AND CLAIMS PURSUANT TO FED. R. CIVIL PROCEDURE RULE 38

MARK GUCKEL 125787
JEFFERSON CI
1050 BIG JOE ROAD
MONTICELLO, FL 323445788



CLERK OF THE COURT
US DISTRICT COURT
401 S.E. FIRST AVE #243
GAINESVILLE, FL 32601

JEFFERSON CI
DEC 1 6 RECD
FOR MAILING

MAILED FROM
A STATE
CORRECTIONAL
INSTITUTION